**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Erminio HERNANDEZ–RAUDA, Defendant–Appellant.**

**No. 15–50406**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 \*

FILED June 20, 2016

Charlotte E. Kaiser, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Lynn Howard Ball, Attorney, Law Office of Lynn H. Ball, San Diego, CA, for Defendant–Appellant.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM \*\*

Erminio Hernandez–Rauda appeals from the district court's judgment and challenges the 18–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Hernandez–Rauda contends that the district court procedurally erred by failing to consider his mitigating arguments and the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court considered Hernandez–Rauda's arguments and the applicable section 3553(a) factors, and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir.2008) (en banc).

Hernandez–Rauda next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Hernandez–Rauda's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Hernandez–Rauda's immigration history and the need for deterrence. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586; *see also United States v. Burgos–Ortega*, 777 F.3d 1047, 1056–57 (9th Cir.), *cert. denied*, —— U.S. ——, 135 S.Ct. 2848, 192 L.Ed.2d 883 (2015) (district court "reasonably concluded" that the need for deterrence outweighed the mitigating factors and "required a sentence at least equal to [the defendant's] last illegal reentry sentence").

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.